## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **SHELBY BUSCHA AND BRYCE BUSCHA, INDIVIDUALLY AND AS NEXT FRIENDS OF B.B, A MINOR,** *Plaintiffs,* | § § § § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:21-cv-00653** |
| **THE BETESH GROUP, THE BETESH GROUP HOLDING CORPORATION, AND BABY BREZZA ENTERPRISES LLC,** *Defendants.* | § § § § § § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Shelby Buscha and Bryce Buscha, Individually and as next Friends of B.B., a Minor (collectively "Plaintiffs), hereby file this action against Defendants, The Betesh Group, The Betesh Group Holding Corporation, and Baby Brezza Enterprises, LLC (collectively "Betesh"), (collectively "Defendants"), and allege the following:

### 1.0   INTRODUCTION.

1.1     Plaintiffs are new parents to B.B., born in the fall of 2020. Plaintiffs used Defendants' baby formula mixing machine, the Baby Brezza Formula Pro, believing the machine was mixing B.B.'s baby formula properly—it was not. Due to Defendants' product failure, B.B.'s formula was insufficiently mixed to include the necessary amounts of formula, resulting in B.B.'s malnutrition. As a result of Plaintiffs vigilance, B.B.'s malnutrition was noticed and the Formula Pro identified as the culprit. Due to Defendants' product defect and negligence, more specifically described below, Plaintiffs have been

injured and suffered significant and lasting damages.

## 2.0   PARTIES.

2.1    Plaintiff Shelby Buscha, Individually and as next friend of B.B., a Minor, is a resident of Lincoln, Lee County, Texas.

2.2    Plaintiff Bryce Buscha, Individually and as next friend of B.B., a Minor, is a resident of Lincoln, Lee County, Texas.

2.3    Defendant The Betesh Group is a corporation doing business in the State of New Jersey and can be served with process by serving its CEO, Steven Betesh, or any other company officer at 250 Passaic St., Newark, NJ 07014.

2.4    The Betesh Group Holding Corporation is a corporation doing business in the State of New York and can be served with process by serving its CEO, Steven Betesh, or any other company officer at 1 East 33rd Street, New York, NY 10016.

2.5    Defendant Baby Brezza Enterprises LLC is a limited liability corporation doing business in the State of New Jersey and can be served with process by serving its CEO, Steven Betesh, or any other company officer at 250 Passaic St., Newark, NJ 07014.

## 3.0   VENUE & JURISDICTION.

3.1    Venue is proper in United States District Court, Western District of Texas Austin Division, as all or a substantial part of the events or omissions giving rise to these claims occurred in Lee County, Texas.

3.2    Additionally, the Court has diversity jurisdiction, as the parties are completely diverse. Plaintiffs reside within Lee County in the State of Texas. Defendants are all citizens of different states. All Defendants in this matter are business entities, deemed citizens of the State in which they are incorporated or where their primary place

of business is located. Defendant The Betesh Group is an entity incorporated in the State of New Jersey with its principal place of business in New Jersey, and is therefore a citizen of New Jersey. Defendant The Betesh Group Holding Corporation is incorporated in the State of New York with its principal place of business in New York, and is therefore a citizen of New York. Defendant Baby Brezza Enterprises LLC is incorporated in the State of New York and has its principal place of business in New Jersey, and is therefore considered to be a citizen of New York and New Jersey. Plaintiffs are citizens of a different state than all Defendants and the amount in controversy exceeds $75,000.

3.3     This Court has jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges and benefits of conducting business in Texas by (1) engaging in business in Texas, and (2) by committing a tort, which is the subject of this suit, in whole or in part in Texas.

**4.0     FACTS.**

4.1     On September 29, 2020, B.B. was born. Plaintiff Shelby Buscha initially began breastfeeding B.B., however, B.B was experiencing excessive gas. In hopes of relieving B.B.'s gas Mrs. Buscha began using the Baby Brezza Formula Pro, a formula mixing machine given as a baby shower gift. Baby Brezza advertises its Formula Pro as a machine that mixes the "perfect" amount of formula, and is specifically designed to reduce gas and stomach iterability in babies and newborns.

4.2     In early November 2020, it became glaringly apparent that B.B. was not gaining weight. Mrs. Buscha took B.B. to their family practitioner, Dr. Laura Burnbaum. Dr. Burnbaum ran some tests but found nothing physically wrong with B.B. She referred B.B. to a gastroenterologist, Dr. Anees Sidiqui. Dr. Siddiqui ran tests and also found

nothing wrong with B.B.'s intestines. At the time B.B. was diagnosed with "failure to thrive." Dr. Siddiqui suggested that they begin making bottles by hand instead of using the Baby Brezza. Within one week of no longer using the Baby Brezza, B.B. gained one pound.

4.3    Plaintiffs sought immediate medical treatment for B.B, and although he is gaining weight normally, B.B. is still suffering the effects of gastrointestinal issues. In addition, Plaintiffs Shelby and Bryce Buscha have suffered many sleepless nights, as they take shifts to ensure their child is doing well in spite of lack of sustenance. Plaintiffs file suit and seek to hold Defendants accountable for their negligence.

**5.0    CAUSES OF ACTION.**

5.1    **Strict Products Liability – Manufacturing Defect**

Plaintiffs would show that Betesh Defendants are liable under the theory of strict products liability because the Betesh Defendants manufactured the Baby Brezza and it was unreasonably dangerous and defective due to a manufacturing defect. At all times material herein, the Betesh Defendants were engaged in the business of designing, manufacturing and/or placing the Baby Brezza (such as the one involved in this loss) into the stream of commerce. At the time the Baby Brezza left the Betesh Defendants' possession and control, it was in a condition not contemplated by the ultimate consumer and was unreasonably dangerous to the consumer for its intended and foreseeable use because the Baby Brezza failed to conform to the applicable design standards and specifications. Specifically, the Baby Brezza, as manufactured, was unreasonably dangerous to an extent beyond which would be contemplated by the ordinary consumer who purchased and/or used it and the Baby Brezza reached the end user without substantial change in its condition from the time it left the Betesh Defendants' possession and control. The defective condition was a

4

producing cause of the damages sustained by Plaintiffs as alleged herein and made the basis of this suit. For these reasons, the Betesh Defendants are strictly liable to Plaintiffs under applicable products liability law.

### 5.2    Strict Products Liability – Design Defect

Plaintiffs would show that the Betesh Defendants are liable under the theory of strict products liability because the Betesh Defendants designed the Baby Brezza and it was unreasonably dangerous and defective due to a design defect. At all times material herein, the Betesh Defendants were engaged in the business of designing, manufacturing and/or placing the Baby Brezza (such as the one involved in this loss) into the stream of commerce. At the time the Baby Brezza left the Betesh Defendants' possession and control, it was in a condition not contemplated by the ultimate consumer and was unreasonably dangerous to the consumer for its intended and foreseeable use as designed, when taking into consideration the utility of the product, the risk involved in its use and that safer designs were available. The defective design was unreasonably dangerous to an extent beyond which would be contemplated by the ordinary consumer who purchased and/or used it and the Baby Brezza reached the end user without substantial change in its condition from the time it left the Betesh Defendants' possession and control. The defective condition was a producing cause of the damages sustained by Plaintiffs as alleged herein and made the basis of this suit. For these reasons, the Betesh Defendants are strictly liable to Plaintiffs under applicable products liability law.

### 5.3    Strict Product Liability – Failure to Warn

The Baby Brezza, which was designed, manufactured and placed into the stream of commerce by the Betesh Defendants, was unreasonably dangerous and defective for its

intended and foreseeable uses and the Betesh Defendants knew, or should have known, about the danger and should have warned its consumers. The Betesh Defendants were in a position to detect and warn consumers that the Baby Brezza was dangerous, but the Betesh Defendants failed to do so. The Betesh Defendants' failure to warn of the dangerous and defective Baby Brezza was a proximate and producing cause of the Plaintiff's damages as alleged herein. For these reasons, the Betesh Defendants are strictly liable to Plaintiff under applicable products liability law.

5.4    **Negligence.** On the occasion in question, the condition of the Baby Brezza made the basis of this lawsuit posed an unreasonable risk of harm to persons that used it.  Defendants, their employees, and/or agents of Defendants, knew or reasonably should have known of the danger, and failed to either make the condition reasonably safe or adequately and timely warn users, each and all of which were negligence, and a proximate cause of injuries and damages to Plaintiffs.

6.0    **DAMAGES.**

Plaintiffs' damages include medical expenses, physical pain and mental anguish, and loss of physical capacity, in the past and future. Although it is not possible to know exactly what the total of Plaintiffs' damages are at the time of the filing of this pleading, especially since the award of damages is within the province of the jury, Plaintiffs believe their total damages are within the jurisdictional limits of this court, excluding pre-judgment and post-judgment interest and taxable court costs.

7.0    **COURT COSTS, PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

Plaintiffs further allege they are entitled to recover court costs, pre-judgment and post-judgment interest at the legal rate as provided by law.

**8.0    DESIGNATED EMAIL FOR SERVICE**

Plaintiffs hereby notify all parties that the designated email for service for all matters including but not limited to discovery, motions, notices, and pleadings, is *e-service@thejdfirm.com*.

**9.0    JURY TRIAL.**

Plaintiffs hereby demand a trial by jury and tender the appropriate fee herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that on final hearing Plaintiffs shall be awarded a judgment against Defendants, as well as pre-judgment and post-judgment interest, reasonable attorney's fees, costs of court, and for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**DAVIS LAW GROUP**

By:___/s/ *Joshua P. Davis*_____
Joshua P. Davis
State Bar No. 24055379
Margaret Allbritton
State Bar No. 24105429
1010 Lamar, Suite 200
Houston, Texas 77002
713.337.4100/Phone
713.337.4101/Fax
*e-service@thejdfirm.com*
*josh@thejdfirm.com*
*margaret@thejdfirm.com*

**Attorneys for Plaintiffs**

7